UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| David L. McKeehan and James A. Syracuse, individually, and on behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan, and on behalf of a class of similarly situated individuals<br><br>Plaintiffs,<br><br>v.<br><br>Cardinal Health, Inc., the Plan Committee, Richard J. Miller, Susan Nelson and Putnam Fiduciary Trust Company,<br><br>Defendants. | Case No. 2: 04-CV-643<br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge King<br><br>**SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR APPOINTMENT OF CO-LEAD PLAINTIFFS, CO-LEAD COUNSEL, AND LIAISON COUNSEL** |

---

| | |
|---|---|
| Timothy E. Ferguson, Individually and On behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan and The Syncor International Corporation Employees' Savings and Stock Ownership Plan, and on behalf of a Class of Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Cardinal Health, Inc., Putnam Fiduciary Trust Company, the Plan Committee, Richard J. Miller, Robert D. Walter, John Does 1-30 and Richard Roes 1-30,<br><br>Defendants. | Case No. 2: 04-CV-668<br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge King |

1

On July 28, 2004, Plaintiffs David L. McKeehan and James A. Syracuse, individually, on behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan, and on behalf of a class of similarly situated individuals, and Timothy E. Ferguson, individually and on behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan and the Syncor International Corporation Employees' Savings and Stock Ownership Plan, and on behalf of a class of persons similarly situated ("Plaintiffs"), moved for the entry of an Order appointing them as co-lead plaintiffs; the law firms of Schatz & Nobel, P.C. and Stull, Stull & Brody as co-lead counsel; and the law firm of Clark, Perdue, Roberts & Scott Co., L.P.A. as liaison counsel in the above-captioned cases and all future related cases.

Plaintiffs submit this supplemental memorandum in further support of their motion for two reasons. First, Plaintiffs have become aware that, as of July 28, 2004, another plan participant has filed a similar class action against Cardinal Health, Inc. The other action is entitled <u>DeCarlo v. Cardinal Health, Inc.</u>, Case No. 2: 04-CV-684, and is pending before Judge Marbley. The existence of another similar action further supports the need for coordination of these actions under the qualified leadership of these proposed co-lead plaintiffs and co-lead counsel. Second, Plaintiffs thought it would assist the Court in rendering its decision to know that their counsel, Schatz & Nobel, P.C. and Stull, Stull & Brody, have not only represented various other plan participants as co-lead counsel in ERISA actions like these, but have also been appointed to such a role by the Honorable Algenon L. Marbley in the <u>In Re AEP Litigation</u>. Plaintiffs attach here as Exhibit "A" a copy of Judge Marbley's Pretrial Order No. 1 in the <u>In Re AEP Litigation</u>.

Accordingly, Plaintiffs respectfully renew their request that this Court enter the [Proposed] Order filed as Exhibit "A" to their motion on July 28, 2004 and appoint them as Co-Lead

2

Plaintiffs; approve Schatz & Nobel P.C. and Stull, Stull & Brody as Co-Lead Counsel; and approve James E. Arnold of Clark, Perdue, Roberts & Scott CO., L.P.A. as Liaison Counsel.

Dated: August 4, 2004

Respectfully submitted,

**CLARK, PERDUE, ROBERTS & SCOTT CO., L.P.A.**

*/s/ James E. Arnold*

James E. Arnold (0037712)
471 East Broad Street, Suite 1400
Columbus, OH 43215
Telephone: (614) 469-1400
Facsimile: (614) 469-0900
Email: jarnold@cprslaw.com

**SCHATZ & NOBEL, P.C**
Robert A. Izard
Andrew M. Schatz
20 Church Street, Suite 1700
Hartford, CT 06103
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

**Attorneys for Plaintiffs David L. McKeehan and James A. Syracuse, individually, and on behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan, and on behalf of a class of similarly situated individuals**

**CLARK, PERDUE, ROBERTS & SCOTT CO., L.P.A.**

*/s/ James E. Arnold*

James E. Arnold (0037712)
471 East Broad Street, Suite 1400
Columbus, OH 43215
Telephone: (614) 469-1400
Facsimile: (614) 469-0900
Email: jarnold@cprslaw.com

**STULL, STULL & BRODY**
Edwin J. Mills
6 East 45th Street
New York, NY  10017
Telephone:     (212) 687-7230
Facsimile:     (212) 490-2022

**Attorneys for Plaintiff Timothy E. Ferguson, Individually and On behalf of the Cardinal Health Profit Sharing, Retirement and Savings Plan and The Syncor International Corporation Employees' Savings and Stock Ownership Plan, and on behalf of a Class of Persons Similarly Situated**

4



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2003 JUL -8 A 9 04



| | |
|---|---|
| KERMIT D. BRIDGES, on Behalf of Himself and a Class of Persons Similarly Situated, and on Behalf of American Electric Power System Retirement Savings Plan (formerly known as the American Electric Power System Employees Savings Plan) and Central and South West Corporation Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN ELECTRIC POWER COMPANY, INC., AMERICAN ELECTRIC POWER SERVICE CORPORATION, E. LINN DRAPER, JR., THOMAS SHOCKLEY III, J. STEVEN KISER, and John Does 1-30,<br><br>Defendants. | Case No. C2-03-67<br><br>Judge Smith<br><br>Magistrate Judge Abel |
| Selena Plentl on behalf of all other persons similarly situated and on behalf of the American Electric Power System Retirement Savings Plan,<br><br>Plaintiff,<br><br>v.<br><br>American Electric Power Company, Inc., American Electric Power Service Corporation, E. Linn Draper, Jr. and Thomas V. Shockley, III,<br><br>Defendants. | Case No. C2-03-143<br><br>Judge Sargus<br><br>Magistrate Judge King |



## PRETRIAL ORDER NO. 1

WHEREAS, the above referenced actions allege breaches of fiduciary duties in violation of ERISA involving the American Electric Power System Retirement Savings Plan (the "Plan"), a savings plan established and sponsored by American Electric Power Company, Inc. ("AEP" or the "Company") as a benefit for its employees (collectively, the "ERISA actions"), and such actions involve common questions of law and fact;

WHEREAS, the Court has determined that formal consolidation of the ERISA actions and appointment of Liaison and Lead Counsel for Plaintiffs is appropriate as consistent with the recommendations of the *Manual for Complex Litigation – Third* (2002);

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION OF RELATED ACTIONS

1. The above-captioned ERISA actions and any action arising out of the same operative facts now pending or hereafter filed in or transferred to this Court are hereby consolidated pursuant to Fed. R. Civ. P. 42(a) ("Consolidated Action"). They shall be referred to collectively as *In re AEP ERISA Litigation*, Master File No. C2-03-67.

2

## II. CAPTION OF CASES

2. Every pleading filed in the Consolidated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE AEP ERISA LITIGATION ) | MASTER FILE: C2-03-67 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |

3. When a pleading or other court paper filed in the Consolidated Action is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to fewer than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:," the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III. MASTER DOCKET

4. A Master Docket is hereby established for the Consolidated Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Consolidated Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

5. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing

3

in the Master Docket. No further copies need be filed nor other docket entries made.

6. When a paper is filed and the caption shows that it is applicable to fewer than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket and in the docket of each separate action. The party filing such paper shall supply the Clerk with sufficient copies of any such paper to permit compliance with this paragraph.

## IV. MASTER FILE AND SEPARATE ACTION FILES

7. A Master File is hereby established for the consolidated proceedings in the Consolidated Action. The Master File shall be Civil Action No. C2-03-67. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of the Consolidated Actions and filings shall be made in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of the Consolidated Actions.

## V. NEWLY FILED OR TRANSFERRED ACTIONS

8. When a case that arises out of the same operative facts as the Consolidated Action is hereinafter filed in or transferred to this Court, it shall be consolidated with these actions as provided in Section I above, and the Clerk of the Court shall:

    (a) File a copy of this Order in the separate file for such action;

    (b) Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

4

(c) Make the appropriate entry in the Master Docket.

9. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

10. This Order shall apply to each class action that is filed in or transferred to this district alleging claims similar to those set forth in these actions and brought on behalf of participants in, or beneficiaries of, the Plan. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, unless a party objecting to the consolidation of that case, or to any other provision of this Order, serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

11. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

## VII. ORGANIZATION OF COUNSEL

12. The Court designates the following to act as Liaison and Lead Counsel for plaintiffs in the Consolidated Action, with the responsibilities hereinafter described:

5

  a. As Co-Lead Counsel for Plaintiffs:

   **Stull, Stull & Brody**
   6 East 45th Street
   New York, NY 10017
   Telephone: (212) 687-7230
   Facsimile: (212) 490-2022

   **Schatz & Nobel, P.C.**
   330 Main Street
   Hartford, CT 06106-1851
   Telephone: (860) 493-6292
   Facsimile: (860) 493-6290

  b. As Liaison Counsel for Plaintiffs:

   **Kegler Brown Hill & Ritter Co., L.P.A.**
   Capitol Square, Suite 1800
   65 East State Street
   Columbus, Ohio 43215-4294
   Telephone: (614) 462-5400
   Facsimile: (614) 464-2634

13. Co-Lead Counsel in the Consolidated Action shall have authority over the following matters on behalf of all plaintiffs in those respective actions: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing of all motions; (c) determining the scope, order, and conduct of all discovery proceedings; (d) assigning such work assignments to other counsel as they may deem appropriate; (e) retaining plaintiffs' experts; (f) designating which attorneys may appear at hearings and conferences with the Court; (g) conducting settlement negotiations with defendants; and (h) other matters concerning the prosecution of or resolution of their respective cases.

14. Co-Lead Counsel shall have the authority to communicate with defendants' counsel and the Court on behalf of all plaintiffs. Defendants' counsel may rely on all agreements made with any one of the Co-Lead Counsel, and such agreements shall be binding.

15. Liaison Counsel in the Consolidated Action is charged with administrative matters such as receiving and distributing pleadings, notices, orders, motions and briefs, and advising parties of developments in the case.

## VIII. COORDINATION

16. Co-Lead Counsel shall coordinate activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice.

## IX. SCOPE OF ORDER

17. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action.

## X. ASSIGNMENT OF CONSOLIDATED CASES

18. The ERISA cases consolidated by the terms of this Pretrial Order No. 1 shall be assigned for discovery purposes to the Honorable Algenon L. Marbley and The Honorable Mark R. Abel, the same District Judge and Magistrate Judge before whom the consolidated Securities Actions involving the AEP defendants have been consolidated for all pretrial purposes.

7

## XI. PRELIMINARY SCHEDULE OF PROCEEDINGS

19. Defendants shall make a preliminary production to plaintiffs of Plan-related documents, to which Plan participants are entitled pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), within thirty days of this Order.

20. Plaintiffs shall file a Consolidated ERISA complaint within thirty days of the completion of production of documents pursuant to paragraph 19 above. The Consolidated ERISA Complaint shall be the operative complaint and shall supercede all complaints filed in any of the actions consolidated herein. Pending filing and service of the Consolidated ERISA Complaint, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them. Defendants shall have 60 days from service of the Consolidated ERISA Complaint to answer or otherwise respond. Except for service of process, which all defendants waived pursuant to Fed.R.Civ.P. 4(d), defendants retain the right to assert any and all defenses that may be available to them, including, but not limited to, lack of jurisdiction over the person.

21. The parties shall meet and confer regarding a briefing schedule for (i) opposition and reply briefs, should any defendant move to dismiss the Consolidated ERISA Complaint, and (ii) issues related to class certification.

22. Any disputes concerning the scope and timing of discovery shall be determined by the Judge and Magistrate Judge who shall be determined to preside over both these consolidated ERISA Actions and the consolidated Securities Actions.

_____
United States District Judge

AGREED

_____
Robert G. Cohen        (0041707)
Trial Attorney
Thomas D. Kitch        (0067448)
Jennifer L. Mackanos   (0075059)
Kegler, Brown, Hill & Ritter Co., L.P.A.
65 East State Street, Suite 1800
Columbus, Ohio 43215-4294
Phone: (614) 462-5400
Fax:    (614) 464-2634

Liaison Counsel for Plaintiffs


Stull, Stull & Brody
Edwin J. Mills
6 East 45th Street
New York, NY 10017
Phone: (212) 687-7230
Fax:   (212) 490-2022

Schatz & Nobel, P.C.
Robert A. Izard
330 Main Street
Hartford, CT 06106-1851
Phone: (860) 493-6292
Fax:    (860) 493-6290

Co-Lead Counsel for Plaintiffs

9

AGREED[1].

*Alvin J. McKenna* (0023145)
Trial Attorney
Fred G. Pressley, Jr. (0023090), Of Counsel
Heather C. Martin (0067377), Of Counsel
Porter, Wright, Morris & Arthur LLP
41 S. High Street
Columbus, Ohio 43215-6194
Phone: (614) 227-1945
Fax: (614) 227-2100

Of Counsel:
Michael J. Chepiga, Esq.
George S. Wang, Esq.
Noam Mandel, Esq.
Simpson, Thacher & Bartlett
425 Lexington Avenue
New York, NY 10017-3954
Phone: (212) 455-2000
Fax: (212) 455-2502

Counsel for Defendants

---

[1] AEP takes no position with respect to the organization of counsel as addressed in Section VII of this Order. AEP reserves the right, however, to take discovery on class certification issues and to challenge the appointment of lead plaintiffs and lead counsel as class representatives and class counsel, respectively, if and when the class certification process occurs.

10